December 30, 1907.

———o———

No. 4347.

(Court of Appeal, Parish of Orleans.)

MRS. A. M. WISHART, wife of Wm. J. Hardee &·Wm. J. Hardee vs. A. R. BLAKELY & CO. LTD.

1. A hotel keeper will be liable to a guest for a reasonable amount of pocket money taken from the latter's room at the hotel, if such loss occur through the fraud or negligence of the hotel keeper, or of some clerk or servant employed by him.
2. What constitutes a reasonable amount depends upon the circumstances of the case.
3. The issues of fact herein are resolved in favor of plaintiff.

Appeal from Civil District Court, Division "A."

Lazarus, Michel & Lazarus, Plaintiffs and Appellees.

Denegre & Blair, H. H. Chaffe, Defendants and Appellants.

DUFOUR, J. The plaintiff a guest of the St. Charles Hotel of this city, sues the defendant for the amount of $185, stolen from her room during her temporary absence.

The plaintiff and her husband, Mr. Hardee, were married in May, 1905, and, returning from their bridal tour, took apartments at the hotel on June 5th.

On June 8th, Mrs.Hardee, having occasion to go out about five in the afternoon, put her pocket book in her bureau drawer, locked and put the key in another drawer, then locked her room door and left the door key with the hotel clerk.

When she returned an hour later, and unlocked her door, the money was not there.

Upon being informed of the occurence Mr. Hardee reported

59

the same to the hotel manager, who turned over the matter for investigation to the hotel detective.

No clue to the theft was ever found.

That the thief was not an outsider is shown by the fact that there was no evidence of forcible entry.

That the facilities for theft by the employees were abundant is shown by the fact that the bell boy, chambermaid, electrician and at least one more of the hotel force, had keys affording them entrance to all guest chambers.

It appears that, during Mrs. Hardee's absence, a package was placed in her room by a bell boy; much testimony was taken to show that the bell boy could not have taken the money, because he did not remain in the room long enough to perpetrate the theft.

This may exonerate the bell boy, but not the defendant, in as much as other servants had access to the room.

In the course of a well reasoned opinion which we fully endorse, the district Judge said:

"That the plaintiff lost by theft $185 was proven beyond doubt. This amount was her separate funds and was taken from a drawer in which she had placed it under lock and key in the room in defendant's hotel occupied by her and her husband as guests during her temporary absence from said room. She had locked the room door when she went out and had left the key with defendant's clerk at the hotel office. She was absent an hour or more, and on her return the drawer and pocketbook were too open and her $185 gone. Immediate notice was given to defendant. Defendant's bell boy was sent to the room by defendant's clerk, entered it and left a package on the bed in the back ro where the bureau or dresser containing the money was, this during her absence and without her consent. Besides this entry by the bell boy, it seems that the chambermaid, the plumber and the electrician had access to the rooms of guests, and the suspicion of defendant's detectives seems to have rested first on the bell boy and then on said three other employees. The room was not broken into. Someone who had a pass-key must have taken the money. Defendant has brought no sufficient proof to refute the presumption that arises from these facts. The plaintiff and her husband paid as guests for the occupancy of the room. It was for this occasion their own. They had the right to security for their effects left in the room and to be free from intrusion.

One hundred and eighty-five dollars was not an unreasonable amount for plaintff to have. When she put it in the drawer and locked it she had the right to believe it would be safe from defendant's servants and employees, and that defendant would keep her room secure from all intrusion. Defendants did not meet the obligations resting on them as innkeepers. Their negligence caused plaintiff loss, and they are liable. R. C. C., 2968, 2969.

Pope vs. Hall, 14 An. 324.
Profilet vs. Hall, 14 An. 524.
Woodworth vs. Morse, 18 An. 156.
Simon vs. Miller, 7 An. 360.
DelValle vs. Steamboat, etc., 27 An. 90.

The rule of law from all these authorities is that, for an amount not unreasonable, the innkeeper is liable for loss by his negligence.

The law applicable to this case is found in the following articles of the Code.

"Art. 2968. Every landlord or keeper of a public inn or hotel shall be required to provide with an iron chest or other safe deposit for valuable articles belonging to his guests or customers, and each landlord or hotel keeper shall keep posted upon the doors, and other public places in his house of entertainment, written or printed notices to his guests and customers that they must leave their valuables with the landlord, his agent or clerk, for safe-keeping, that he may make safe deposit of the same in the place provided for that purpose.

"Art. 2969. Every landlord, hotel or inn keeper who shall comply with the requirements of the preceding articles shall not be liable for any money, jewelry, watches, plate, or other things made of gold or silver, or of rare and precious stones, or for other valuable articles of such description as may be contained in small compass, which may be abstracted or lost from any such public inn or hotel, if the same shall not be left with the landlord, his clerk or agent, for deposit, unless such loss shall occur through the fraud or negligence of the landlord, or some clerk or servant employed by him in such inn or hotel; provided, however, that the provisions of this article shall not apply to a wearing watch, or such other articles of jewelry as are ordinarily worn about the person."

Applying the law just cited to the facts of this case, we have reached the following conclusions:

First. That plaintiff's loss was due to the negligence of the landlord, and the fraud of his employees.

Second. That the plaintiff took proper precautions and is not guilty of contributory negligence.

Third. That, considering the fact that she had just returned from a bridal trip and was stopping at the hotel for a few days only preparatory to her occupation of her own home, the amount kept in her room was not excessive.

The judgment in favor of plaintiff is correct. Judgment affirmed.